**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GARILYNN SMITH,
        Appellant,

    v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBERS
PH-1221-16-0010-C-3
PH-1221-16-0010-X-1

DATE:  May 2, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Graig P. Corveleyn</u>, Esquire, Hopewell, New Jersey, for the appellant.

<u>David K. Siegle</u>, Picatinny Arsenal, New Jersey, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

On August 31, 2022, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the Board's April 13, 2022 Opinion and Order granting the appellant corrective action in *Smith v. Department of the Army*, MSPB Docket No. PH-1221-16-0010-W-1. *Smith v. Department of the Army*, MSPB Docket No. PH-1221-16-0010-C-3, Compliance

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

File (C-3 CF), Tab 5, Compliance Initial Decision (C-3 CID). The administrative judge ordered the agency to take required action. C-3 CID at 6. Because the agency did not take action under 5 C.F.R. § 1201.183(a)(6) within the time limit for doing so, this matter was referred to the Board for processing under the enforcement provisions of 5 C.F.R. § 1201.183(c)(1) and docketed under MSPB Docket No. PH-1221-16-0010-X-1. Meanwhile, the appellant also filed a petition for review of the compliance initial decision. *Smith v. Department of the Army*, MSPB Docket No. PH-1221-16-0010-C-3, Compliance Petition for Review File (CPFR File), Tab 1. We JOIN MSPB Docket Nos. PH-1221-16-0010-C-3 and PH-1221-16-0010-X-1, and we address both the compliance referral action and the petition for review of the compliance initial decision in this final decision.

For the reasons discussed below, we find the agency in compliance with the administrative judge's compliance initial decision, and we therefore DISMISS the appellant's petition for enforcement. We also DENY the appellant's petition for review and AFFIRM the compliance initial decision.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

On October 6, 2015, the appellant filed a timely individual right of action (IRA) appeal alleging that the agency retaliated against her when it failed to select her for the position of Executive Assistant after she made protected disclosures exposing how the Department of Defense had been mishandling the remains of fallen service-members. *Smith v. Department of the Army*, MSPB Docket No. PH-1221-16-0010-W-1, Initial Appeal File (IAF), Tab 1. On May 19, 2017, the administrative judge issued an initial decision granting the appellant's request for corrective action. *Smith v. Department of the Army*, MSPB Docket No. PH-1221-16-0010-W-1, Initial Decision (May 19, 2017); IAF, Tab 47. On April 13, 2022, following the agency's petition for review, the Board issued an Opinion and Order affirming the initial decision as modified and again granting corrective action. *Smith v. Department of the Army*, 2022 MSPB 4,

¶¶ 1, 39.[2]  The Board ordered the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits no later than 60 calendar days after the date of the Opinion and Order.  *Id.*, ¶ 40.

On June 17, 2022, the appellant filed a petition for enforcement of the Board's April 13, 2022 Opinion and Order, alleging that the agency had failed to pay her the back pay, interest, and benefits ordered by the Board.  *Smith v. Department of the Army*, MSPB Docket No. PH-1221-16-0010-C-2, Compliance File (C-2 CF), Tab 1.  The administrative judge issued a compliance initial decision dismissing the appellant's petition for enforcement as premature because he found that the agency was making a good faith effort to ensure payment was made.  *Smith v. Department of the Army*, MSPB Docket No. PH-1221-16-0010-C-2, Compliance Initial Decision (C-2 CID) at 3 (July 6, 2022); C-2 CF, Tab 4.  He noted that the agency stated that the Defense Finance and Accounting Service (DFAS), the agency responsible for processing the required payment, was experiencing a backlog due to the Board's restored quorum and that it was working with the appellant's counsel to ensure payment.  C-2 CID at 3.  The administrative judge stated that the appellant could file a new petition for enforcement after 30 days if the agency had still not made the required payment.  *Id.*

On August 5, 2022, the appellant refiled her petition for enforcement, notifying the administrative judge that the agency still had not made the required payment and requesting sanctions against the agency for its delay.  C-3 CF, Tab 1

---

[2] On July 7, 2017, before the agency filed its petition for review, the appellant filed a petition for enforcement alleging that the agency had failed to comply with the initial decision's interim relief order.  *Smith v. Department of the Army*, MSPB Docket No. PH-1221-16-0010-C-1, Compliance File (C-1 CF), Tab 1.  The administrative judge dismissed the petition for enforcement and forwarded the matter to the Office of the Clerk of the Board for joinder with the agency's petition for review.  *Smith v. Department of the Army*, MSPB Docket No. PH-1221-16-0010-C-1, Compliance Initial Decision at 3 (Aug. 17, 2017); C-1 CF, Tab 5.  Neither party filed a petition for review of the compliance initial decision, and in the Board's April 13, 2022 Opinion and Order, it denied the petition for enforcement because our regulations do not allow for a petition for enforcement of an interim relief order.  *Smith*, 2022 MSPB 4, ¶ 9 n.3.

at 5. The appellant stressed that she had waited 5 years for the Board to regain its quorum and that now, even after the Board's decision, she had yet to be compensated. *Id.* In response, the agency reasserted its claim about the backlog at DFAS and that it had worked diligently on the appellant's case and claimed that the appellant's back pay packet was with DFAS. C-3 CF, Tab 3 at 4-5.

On August 31, 2022, the administrative judge issued a compliance initial decision granting the appellant's third petition for enforcement. C-3 CID at 1-2. The administrative judge found that the agency acknowledged it failed to make payment by June 12, 2022, sixty days from the date of the Board's decision, that it sought to avoid responsibility for its continued failure to comply with the Board's final decision, and that it was unable to identify when the appellant could expect payment. C-3 CID at 5. He further found that DFAS is an instrument or agent of the agency and thus that the agency was responsible for its inertia. C-3 CID at 5-6. He ordered the agency to pay the appellant the appropriate amount of back pay with interest no later than 10 days after the date his decision became final. C-3 CID at 6.

On October 5, 2022, the appellant filed a petition for review of the August 31, 2022 compliance initial decision, informing the Board that although she received payment on September 22, 2022, the payment was deficient and failed to include any explanation of the calculations made to arrive at that dollar amount, and thus that the agency had not complied with the Board's final decision. CPFR File, Tab 1 at 5. The appellant also argued that the administrative judge erred by failing to address her request for sanctions and asked the Board to consider whether, given this fact and the agency's continued noncompliance, sanctions are appropriate. *Id.* at 5-6.

Meanwhile, the agency failed to make a timely submission with the Office of the Clerk of the Board under 5 C.F.R. § 1201.183(a)(6), as required when the administrative judge made his finding of noncompliance. Therefore, while the petition for review was pending, the matter was also referred for processing under

the enforcement provisions of 5 C.F.R. § 1201.183(c). *Smith v. Department of the Army*, MSPB Docket No. PH-1221-16-0010-X-1, Compliance Referral File (CRF), Tab 1. Thereafter, on October 18, 2022, the agency submitted a statement of compliance pursuant to 5 C.F.R. § 1201.183(a)(6)(i). CRF, Tab 2. The agency submitted evidence showing that DFAS paid the appellant, provided a narrative summary and evidence explaining DFAS' calculations—including computation of the appellant's hourly rate, bonuses, interest, leave payout, taxes, and other deductions and offsets—and provided evidence and argument showing that it otherwise complied with the Board's final decision. *Id.* at 4-29. The appellant did not respond.

On October 19, 2022, the agency filed a response to the appellant's petition for review contending that the petition is now moot. CPFR File, Tab 4 at 4. The agency states that although it was unable to meet the Board's timeline, it would be inappropriate for the Board to sanction the agency because it has now submitted evidence of full compliance. *Id.*

**ANALYSIS**

Compliance Referral File (X-1 matter).

When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

Here, as noted above, to establish compliance with the Board's final decision in the underlying appeal, the agency had to, among other things, "pay the appellant the correct amount of back pay, interest on back pay, and other benefits." *Smith*, 2022 MSPB 4, ¶ 40. The evidence that the agency submitted with its statement of compliance demonstrates that it has now done so. CRF, Tab 2 at 14, 16-29. Specifically, the agency submitted evidence demonstrating that it paid the appellant on September 22, 2022, and it submitted a declaration from a DFAS supervisor explaining the methodology behind the payment, including how the appellant's back wages and raises and bonuses were calculated and what offsets and deductions were made, including for taxes and benefits. *See id.* at 14-29. The agency alleges that it sent DFAS' certified back pay calculations to the appellant on October 13, 2022. *Id.* at 4-5. The appellant did not submit an objection or any response to the agency's statement of compliance, despite being notified of her opportunity to do so and being cautioned that the Board may assume she is satisfied and dismiss her petition for enforcement if she did not respond. CPFR File, Tab 2 at 3. As a result, we assume that the appellant is satisfied with the agency's compliance. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009). Consequently, we find that the agency is in compliance with the administrative judge's August 31, 2022 compliance initial decision.

Petition for Review of the Compliance Initial Decision (C-3 matter).

In her petition for review, the appellant first expressed concern about whether the amount of the payment she received was correct and how it was calculated. CPFR File, Tab 1 at 5. However, as discussed above, we have found that the agency submitted evidence sufficiently explaining the methodology behind the payment and that it is in compliance with the administrative judge's compliance initial decision and the Board's April 13, 2022 Opinion and Order. The appellant also argued on review that the administrative judge erred by failing to address her request for sanctions and that the Board should now consider this

request. CPFR File, Tab 1 at 5-6. Although we sympathize with the appellant's frustration at the agency's delay in payment and the administrative judge's decision not to address the sanctions issue, the imposition of sanctions is a matter within the administrative judge's sound discretion, and absent a showing that such discretion has been abused, the administrative judge's determination will not be found to constitute reversible error. *Bilger v. Department of Justice*, 33 M.S.P.R. 602, 607 (1987), *aff'd*, 847 F.2d 842 (Fed. Cir. 1988) (Table); *see also* 5 C.F.R. § 1201.43. Further, the Board's ability to impose sanctions is a means to enforce compliance. *Eikenberry v. Department of the Interior*, 39 M.S.P.R. 119, 121 (1988); *see* 5 U.S.C. § 1204(a)(2), (e)(2)(A). The Board has held that it would be inappropriate for it to impose sanctions where, as here, the agency has submitted evidence of compliance. *Id.*; *see also Bruton v. Department of Veterans Affairs*, 112 M.S.P.R. 313, ¶ 14 (2009) (stating that the Board lacks the authority to impose punishment or sanctions once compliance has been obtained). Thus, the appellant's argument and request are unavailing.

In light of the foregoing, we find that the agency is now in compliance, and we dismiss the appellant's petition for enforcement. We also deny her petition for review. This is the final decision of the Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees

and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the Clerk of the Board.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.